CHARLES L. COOK, Respondent, *v.* WILLIAM BARR, Appellant.

The admissions of a party to a civil action are always competent evidence against him, and it matters not when, where or to whom they are made.

This rule applies to a pleading of such party, though in another action and with other parties, if it be shown that the "admissions were inserted in such pleading with his knowledge and sanction or by his direction."

The statute of frauds, as to trusts concerning lands, since the act of 1860 (Laws of 1860, ch. 322), is in effect substantially the same as the English statute (29 Charles II, ch. 3, § 7), and no longer requires that the trust should be proved by a deed creating it, but it may be proved by any writing subscribed by the party declaring the same. EARL, Com.,

Such writing is not necessarily *inter partes*, but admissions in a pleading, in an action with third persons, will be sufficient, if they contain the requisite evidence. EARL, Com.

An admission that mortgages were given by the defendant for the accommodation of the plaintiff and to enable the latter to borrow money, is not an admission as to the defendant's title or the purpose for which the lands were conveyed to him.

To establish a trust the evidence must all be in writing, and sufficient to show that there is a trust, and what it is. Parol evidence cannot be resorted to for the purpose of supplementing or aiding the proof furnished by written admissions.

(Argued September 26th, 1870; decided December 29th, 1870.)

APPEAL from an order of the General Term of the Superior Court of Buffalo, affirming a judgment for the plaintiff upon the decision of a Special Term of that court.

In September, 1858, the plaintiff, being the owner of two parcels of real estate in the city of Buffalo, executed a deed of conveyance thereof to the defendant, which deed contained covenants of seizin and common warranty. The defendant on the same day executed to the plaintiff his bonds and two mortgages of distinct portions of the premises so conveyed, each reciting that it was given to secure a portion of the purchase-money.

In September, 1863, the defendant conveyed to one Daniels, the premises described in one of these mortgages, and Daniels assumed the payment of that mortgage ($1,500), as part of the consideration money.

In October, 1863, the defendant conveyed the premises described in the other mortgage to the wife of the plaintiff, without receiving any pecuniary consideration therefor.

Both the plaintiff and the defendant, prior to the conveyance to Daniels, collected rents, paid taxes, etc., as to the premises described in that conveyance ; and a portion of the premises conveyed to Mrs. Cook were continuously occupied by the plaintiff and his family without payment of rent.

This action was brought to establish and enforce a trust, as to the lands conveyed to Daniels, and to compel the defendant to account concerning the same.

On the trial, the plaintiff gave in evidence the verified answer of the defendant in an action brought by one Le Conteulx, for the foreclosure of one of the mortgages so given by the defendant, which answer stated that the defendant executed that mortgage "for the sole purpose of enabling the defendant, Charles L. Cook (the plaintiff), to borrow money thereon, and for the accommodation of the said Cook," and executed another mortgage " of $1,500, upon another piece of real estate," *  * * for the like above mentioned purpose.

The justice at Special Term found that " the defendant took and held the title, over and above the amount of the mortgage, in trust for and for the use and benefit of the plaintiff," and ordered an accounting, upon which judgment was entered in favor of the plaintiff, for the amount reported due, which judgment was affirmed at the General Term.

*George B. Hibbard*, for the appellant, insisted that no trust was established, even if all the evidence had been admissible. (2 R. S., 134, § 6; *Moran* v. *Hayes*, 1 John. Ch., 339; Hill on Trustees, Am. ed., 149; *Squire* v. *Harder*, 1 Paige, 494; *Philbrook* v. *Delano*, 29 Maine, 410; *Sturtevant* v. *Sturtevant*, 20 N. Y., 39.) The answer in the Conteulx suit was inadmissible in evidence. (*Church* v. *Shelton*, 2 Curtis' C. C. R., 275; *Boileau* v. *Rutlin*, 2 Excheq. 665; *Combs* v. *Hodge*, 21 How. U. S., 397; *Starkweather* v. *Kittle*, 17 Wend. 20.) A trust must be wholly established by written

proof.   (1 Greenl. Cruise, 335, note; *Steere* v. *Steere*, 5 John. Ch., 355; *Parkhurst* v. *Van Cortland*, 1 John. Ch., 273.)

*Asher P. Nichols*, for the respondent, urged that the trust was well and sufficiently proved.   (3 R. S., 5th ed., p. 220, §§ 6, 7; 1 Greenl. Ev., § 266, and cases cited in note; 4 Kent's Com., 305; Rob. on Frauds, 95; 1 Greenl. Cruise, tit. 12, ch. 1, §§ 36, 37, p. 390; 1 Greenl. Ev., § 268; Tiff. & Bull. on Trusts, 353, 355; *Gomez* v. *Tradesman's Bank*, 4 Sandf. 106–8; L. 1860, ch. 322, p. 547.)

EARL, C.   When a party to a civil action has made admissions of facts material to the issue in the action, it is always competent for the adverse party to give them in evidence; and it matters not whether the admissions were in writing or by parol, nor when nor to whom they were made.   Admissions do not furnish conclusive evidence of the facts admitted, unless they were made under such circumstances as to constitute an estoppel, or were made in the pleadings in an action, when they are conclusive in that action.   They may be contained in a letter addressed to the opposite party, or to a third person, and in either case are entitled to equal weight and credit.   They are received in evidence, because of the great probability that a party would not admit or state anything against himself or his own interest unless it were true. And I am unable to see why the rule does not apply to admissions contained in the pleadings in an action under our system of practice, which requires the facts to be alleged truly in the pleadings.   It must first be shown, however, by the signature of the party, or otherwise, that the facts were inserted with his knowledge, or under his direction, and with his sanction.   Here the answer, which is claimed to show the admissions, contains the assertion of facts which, from the nature of the case, if true, must have been within the knowledge of the defendant, and it is verified by the defendant. I can conceive of no principle or reason for holding that admissions made under such circumstances are not evidence

against the defendant. It is said in Phillips on Evidence (vol. 1, Van Cott's ed., 1849, p. 366), that "a person's answer in chancery is evidence against him, by way of admission, in favor of a person who was no party to the chancery suit; for the statement, being upon oath, cannot be considered conventional merely."

By the statute (29 Charles II, chap. 3, § 7), it was enacted "that all declarations or creations of trust or confidence of any lands, tenements or hereditaments, shall be manifested or proven by some writing, signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else they shall be utterly void and of none effect." This statute provided not for the creation of trusts, but simply for proving them. They might be created by parol, but could only be manifested or proved by a writing. (4 Kent, 305; 1 Cruise, Dig. by Greenl., title 12, chap. 1, §§ 36 and 37, p. 390; Tiffany and Bullard on Trusts, 353, 355.) Under this statute it was necessary to prove by writing the whole trust, not only that there was a trust, but what it was; otherwise the object of the statute, which was to prevent frauds and perjuries in the proof of trusts by parol declarations, would have been thwarted.

Our statute, upon the same subject (2 R. S., 135, § 6), prior to 1860, was as follows: "No estate or interest in lands other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same or by his lawful agent thereunto authorized by writing." This was a statute providing, among other things, for the creating of trusts, and not simply, like the English statute, for manifesting and proving them. It required that the trusts should be created by deed or conveyance, subscribed by the party, and the only proof of them was such deed or conveyance. But in 1860 (Laws of that year, chap.

322), the subsequent section (7) was amended so as to provide that the preceding section should not be construed so as "to prevent any declaration of trust from being proved by any writing subscribed by the party declaring the same." By this amendment our statute as to the creation and proof of trusts is rendered in effect substantially the same as the English statute above quoted. It is no longer required that trusts should be proved by some deed or conveyance creating or declaring them; but they may be proved by any writing subscribed by the party. The statute does not require that the writing should be *inter partes ;* but within the letter and spirit of the law, any writing subscribed by the party will be sufficient if it · contain the requisite evidence.

I, therefore, entertain no doubt that the alleged trust in this case could be proved by the answer of the defendant, which was given in evidence, if it was sufficiently manifested in the answer. But there is the difficulty. All this answer contains that is material to the purpose is, that the two mortgages were given by Barr for the accommodation of Cook, to enable him to borrow money. There is no allegation whatever in reference to Barr's title or his deed, or the purpose for which the deed was given to him, or the title placed in his name. It does not mention or admit any trust whatever. The allegation of the plaintiff is, that the deed was given to Barr simply to enable him to give back the mortgages, that he might raise money upon them, and that Barr took the title in trust for him for this purpose. While this answer alleges that Barr gave the mortgages for this purpose, it does not admit that he received the deed for any such purpose or upon such a trust. All the allegations in the answer are perfectly consistent with his absolute ownership of the land, and no trust in the land is properly or necessarily inferable from them. As it appears upon the answer, it is simply a case of the owner of land giving mortgages upon his own land for the accommodation of his friend. The deed and mortgage make no mention of the trust, and the only writing relied upon to prove it is this answer. The parol evidence

Opinion of the Court, per EARL, Com.

and the acts of the parties show clearly the alleged trust, but these cannot be resorted to to help out the proof furnished by the writing. The writing must show that there is a trust and what it is, and failing in this it is insufficient.

In 1 Hilliard on Real Property, 4th ed., 425, it is said "a trust cannot be established by parol evidence, even though this goes to confirm other written evidence."

In 1 Greenleaf's Cruise on Real Property, 356, in note, it is said that "the evidence must all be in writing without resorting to parol evidence, even to connect different writings together." Greenleaf, in his Work on Evidence (vol. 1, § 268), says that verbal testimony is not "admissible to supply any defects or omissions in the written evidence; for the policy of the law is to prevent fraud and perjury by taking all the enumerated transactions entirely out of the reach of any verbal testimony whatever."

In *Leman* v. *Whitely* (4 Russell, 423), the plaintiff had conveyed to his father, by deeds of lease and release, a certain estate for the expressed consideration of £400 paid. The bill alleged that the estate was thus conveyed by the advice of an attorney, so that the father could raise money by a mortgage of it for the use of the son; that no part of the consideration named in the deed was paid; that the father died without having raised the money or made any conveyance, and that he devised all his real estate by general deeds. The prayer of the bill was that the devisees of the father might be decreed to be trustees of the plaintiff. The facts alleged in the bill were admitted or established by parol testimony, and yet the master of the rolls held that the trust could not be established, and that "to give effect to the trust would be in truth to repeal the statute of frauds."

I am of the opinion, therefore, that the judgment should be reversed and new trial granted, costs to abide event.

All concur for reversal.

Judgment reversed and new trial granted, costs to abide the event.