Bartlett, J.
The plaintiff sought to establish a trust in reference to real and personal property.
The real property consisted of the premises No. 180 Schermerhorn street, in the city of Brooklyn.
The writings relied upon to prove a declaration of trust on the part of the defendant, were two affidavits used in a criminal proceeding in 1874.
The first was the affidavit of the plaintiff, the material portion of which is as follows: “Edmund Kimball of the city of New York, being duly sworn, deposes and says, that he is acquainted with Aaron De Grauw, and that the said De Grauw purchased house No. 180 Schermerhorn street, Brooklyn, which belonged to my wife, under foreclosure and sale by the sheriff of Kings county, said De Grauw agreeing with me after receiving the purchase money and the amount of any encumbrances on the house, and interest, expenses and costs, on such houses being sold, that he would pay me the difference, if any.”
This statement by the plaintiff is said to have been adopted by the defendant in an affidavit subsequently made by him, in which referring to the plaintiff’s affidavit, the *340 defendant swore “The paper marked 0 is a copy of an original affidavit in my possession, sworn to by Edmund Kimball, June 6th, 1873.”
But the contents of both these affidavits taken together do not amount to a writing declaring a trust in lands, and subscribed by the party declaring the same, as required by the statute of frauds (3 Rev. Stat. 7 ed. 2326, section 7). The reference to the plaintiff’s affidavit in the affidavit of the defendant is in no way an adoption of the statements in -the former, or an affirmance of their truth; and the writing being insufficient to establish a trust, it cannot be helped out by oral proof. Cook v. Barr, 44 N. Y., 156, 161.
The personal property which was the subject of the alleged trust, was certain furniture in the house No. 180 Schermerhorn street.
As to this, the plaintiff testifies in substance, that the defendant agreed to take it on the same trust as the house, while the defendant positively denies making any such agreement, and asserts that he himself owned the furniture. There is a direct conflict of evidence on the subject, and the conclusion of the trial judge, who saw and heard the parties, should not be interfered with, although it does not clearly appear what was the real consideration for which the defendant acquired the furniture.
The exception to the admission of evidence that the plaintiff’s wife claimed to own the furniture is of no' importance. The plaintiff himself dealt with the furniture as belonging to his daughter, but the ownership is immaterial, so far as this action is concerned, if there was no trust.
The judgment should be affirmed, with costs.
Van Brunt, Oh. J., and Macomber, J., concur.