Landon, J.
—The referee finds that Fida C. Sharp received the title to the premises under an agreement with the plaintiff to hold the same in trust for plaintiff’s benefit, and to convey the same to her upon her request. This agreement, whereby an estate was created in plaintiff and *804 a trust declared for her benefit, was wholly by paroi. The statute declares that no estate or trust can there be created. 2 R. S., 135, § 6. Such estate or trust must be created by deed or conveyance in writing, though the declaration of trust may be proved “ by any writing subscribed by the party declaring the same. Id., § 7.
The plaintiff, however, does not produce “any writing subscribed by” Mrs. Sharp, “declaring the same.” Certain letters are unintelligible without recourse to paroi evidence, and when explained, it is seen that they declare no trust in the plaintiff, but are at best but consistent with one which by possibility may have been orally declared. The authorities are numerous and decisive that the statute cannot thus be set aside. Cook v. Barr, 44 N. Y., 156; Wheeler v. Reynolds, 66 id., 227; Levy v. Brush, 45 id., 589; Sturtevant v. Sturtenant, 20 id., 39; Hutchins v. Hutchins, 98 id., 56; Hurst v. Harper, 14 Hun, 280.
The plaintiff does not allege or prove fraud. She deliberately and of her own choice conveyed her land, and from time to time procured it to be conveyed from one friend to another, and finally to Mrs. Sharp, without consideration, without intending to create a mortgage, without any written reservation of any estate in herself, or any declaration of trust in her favor.
Nothing was omitted from the deeds which she desired inserted. She did not lack time and opportunity for advice, she was not surprised, or coerced, or in any way misled or unduly influenced. We judge from the testimony that she considered herself less liable to lose her land at the hands of her grantees than at the hands of her creditors.
Equity might interpose to protect her from the improper practice of her grantees, if thereby she had lost her estate, but if we give full effect to the paroi evidence which she was permitted to adduce, we see that she disposed of her land in a manner most agreeable to herself; her real grievance is, that having voluntarily parted with her title, she cannot voluntarily recall it. If Mrs. Sharp made the oral promise to reconvey upon her request the statute does not compel the performance of such a promise.
Many exceptions were taken by the defendants to the admission of evidence which in view of the disposition of the case upon the main question, we do not deem it necessary to discuss.
The judgment must be reversed, the reference discharged, new trial granted, costs to abide the event.
Learned, P. J., and Williams, J., concur.