JOHN PETER EISENLORD, Respondent. v. CATHARINE L. EISENLORD and Others, Appellants,

JOHN PETER EISENLORD, Apellant, v. DAVID H. CLUM and Others, Respondents.

*A mother, how far incompetent to testify to transactions with the father, establishing her son's legitimacy—admissibility, on that question, of a judgment-roll in an action against the father for seduction*

In this action of ejectment brought to recover lands in Fulton county, the plaintiff claimed to be a legitimate son and only heir-at-law of one Eisenlord, who died intestate, seized of such lands, claiming that he was the son of Margaret Lipe who had been secretly married to Eisenlord at a time when, through previous illicit connection with him, she was pregnant with plaintiff.

On the trial the plaintiff was allowed to examine Margaret Lipe, his mother, as a witness in his behalf in relation to the alleged marriage of herself with Eisenlord and as to what took place between them immediately preceding and following the alleged marriage.

*Held,* that Margaret Lipe was interested in the event of the action, as a judgment in favor of the plaintiff would furnish her with important evidence to establish her claim to dower in the premises described in the complaint, and that she was, therefore, incompetent to testify as to personal transactions with Eisenlord, as against the defendants whose title, whatever it was, was derived through Eisenlord

In another action, in which the same issue was presented, a judgment record in the case of Lipe against Eisenlord was offered by the plaintiff and received in evidence, and afterwards an application was made by the plaintiff to withdraw the judgment record, which was refused. This judgment was recovered in an action brought after the plaintiff's birth, by the father of Margaret Lipe, against Eisenlord to recover damages caused by his alleged seduction of Margaret.

*Held,* that this record was competent, although the plaintiff was not a party to the action, as it tended to show the status and relation of Eisenlord to Margaret Lipe.

That, by the common law, the condition of the child follows that of its father, and that the child has nothing to say upon such an issue.

That it was not necessary that Margaret Lipe should be a party to the action as the plaintiff's status would follow that of his father.

That whether this judgment record was conclusive or not, in regard to the status of Eisenlord, it was competent evidence in this action against the plaintiff, and evidence of a very high character.

APPEAL by the defendants from a judgment, entered upon the verdict of a jury on a trial at the Fulton county Circuit; also from the order denying a motion made upon the minutes to set aside the verdict and grant a new trial.

The action was ejectment to recover lands in Fulton county, of which Peter O. Eisenlord died seized and intestate. The plaintiff

claimed to be his legitimate son and only heir-at-law. He is the son of Margaret Lipe, and was born October 21, 1857. Peter O. Eisenlord was a physician at Palatine, Montgomery county. He died June 30, 1885, never having lived with Margaret Lipe as her husband. The defendants are his heirs, if the plaintiff is not.

The claim of the plaintiff rests upon the truth of the allegation that in June, 1857, Dr. Eisenlord and Margaret Lipe were secretly married at St. Johnsville by a justice of the peace named Mosher. The testimony of Margaret Lipe is to the effect that she was then pregnant with plaintiff by her previous illicit connection with Dr. Eisenlord; that the doctor asked her to go to Mosher's there to be married; that they did go and the ceremony was performed, no witnesses being present; that he then went his way and she her's, and they never came together again. It appeared that they never recognized each other as husband and wife; that the plaintiff was baptized as her illegitimate son; that she never claimed to be the wife of Dr. Eisenlord in his lifetime; that she married one Austin in 1872; that her father recovered $1,000 of Dr. Eisenlord in an action against him for seduction. (*Lipe* v. *Eisenlord*, 32 N. Y., 229.)

The justice testified that he performed a marriage ceremony at St. Johnsville in June, 1857, in which Dr. Eisenlord was one party and a person whom he introduced as Margaret Lipe was another; that he made no record of it, and never mentioned it in Dr. Eisenlord's lifetime. The other testimony consisted chiefly of the alleged declarations of Dr. Eisenlord, some tending to show that he was married and had a son, others that he regarded the claim made by Margaret, that he was the father of the plaintiff, as a great outrage.

*A. J. Abbott*, for the appellant.

*George W. Smith*, for the respondents.

LANDON, J.:

We think it was error for the court to allow the plaintiff to examine Margaret Austin, his mother, as a witness in his behalf on the trial, touching the alleged marriage of herself with Dr. Eisenlord, and what took place between them immediately preceding and following the alleged marriage. Section 829 of the Code of Civil Procedure declares that: "Upon the trial of an action * * * a person interested in the event * * * shall not be examined as

a witness in his own behalf or interest  *  *  *  against a person deriving his title or interest from, through or under a deceased person  *  *  *  concerning a personal transaction or communication between the witness and the deceased person."

*First.* Margaret Austin was interested in the event of this action. The rule laid down by the elementary writers (Greenl. on Ev., § 390), and approved in *Hobart* v. *Hobart* (62 N. Y., 82) is: "The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action." (*Miller* v. *Montgomery*, 78 N. Y., 285.) The judgment in favor of the plaintiff would furnish her with important evidence to establish her claim to dower in the premises described in the complaint. Upon this plaintiff's recovery, suppose Margaret brings her action against him to recover her dower. This judgment-roll would show against the plaintiff, claiming under it and accepting its terms, that Dr. Eisenlord died seized of the premises, leaving, as the complaint alleges, this plaintiff, his "lawful descendant, son and sole heir-at-law of the said Peter O. Eisenlord, deceased, and as such heir-at-law entitled in fee to the immediate possession thereof." Evidence *aliunde* would be competent to show that upon this trial, and to procure his recovery, he alleged and established the facts that Margaret Austin was his mother; that prior to his birth she and Dr. Eisenlord were lawfully married. It is not essential that she should be a party to the present action. It is, nevertheless, evidence in her behalf against him, that he, in order to obtain title to the land, solemnly declared and procured the truth of the declaration to be judicially established; that all the conditions upon which Margaret's right to dower depend were absolutely true in fact. It is not received as a judgment, but as his declaration. (1 Greenl. on Ev., § 527a; *Cook* v. *Barr*, 44 N. Y., 156.) It is impossible to see how this plaintiff either in law or fact, could gainsay the truth of his solemn declaration.

*Second.* Margaret Austin, being thus interested in the event, was examined touching the very matter upon which her interest depended. Her testimony, which tended to establish the plaintiff's title to the land, tended just as completely to establish her own.

*Third.* She testified against the defendants, whose title, whatever it was, was derived through Dr. Eisenlord, and not otherwise.

*Fourth.* Her testimony was concerning the personal transactions and communications between Dr. Eisenlord and herself. The authorities are to the same effect. (*Sanford* v. *Ellithorp*, 95 N. Y., 48 ; *Steele* v. *Ward*, 30 Hun, 555 ; *Miller* v. *Montgomery, supra.*)

For this error the judgment should be reversed and a new trial granted, costs to abide the event.

We think, also, the order for a new trial should have been granted upon the facts. We concur in the view taken by Mr. Justice FISH in the case next reported. (*John Peter Eisenlord* v. *David H. Clum, John L. Eisenlord et al.*)