THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Plaintiff, *v.* MARCELLA FAY (Formerly MARCELLA KEENAN), as Executrix of the Last Will and Testament of JAMES T. KEENAN, Deceased, Defendant

53   553
64   397
53   553
16ap430
53   553
38ap387

*Admissibility of statements contained in pleadings, as evidence in another action.*

In an action, brought to recover a sum due upon a contract made between the plaintiff therein and a copartnership alleged to have been composed of James T. Keenan, the defendant's testator, and one Thomas Nugent, it became necessary, upon the trial, for the plaintiff to prove the existence of the partnership. The only evidence which was offered to prove it was a portion of an answer made by the defendant, as executrix, in an action brought against her by Nugent, in which she alleged, on information and belief, that the said Nugent and Keenan were jointly interested in a contract with the department of street cleaning of the city of New York, and also a finding by a referee in that action in substantial accord with the allegation in the answer.

*Held*, that it was error to admit this evidence.

That an admission contained in pleadings between other parties, simply founded upon information and belief, where there is no presumption that the facts alleged or denied must have been within the knowledge of the party making the allegation or denial, and where the allegation or denial is not against the interest of the party making the same, cannot be received in evidence as establishing the truth of the allegation or denial.

That, in the case at bar, the alleged admission was not against the interest of the defendant, who was asserting a right in respect to a matter as to which there was no presumption that she had any personal knowledge whatever.

That the admission gained no force from the fact that the referee in that case found the statement to be correct.

Motion for a new trial on a verdict in favor of the plaintiff, rendered at the New York Circuit, by direction of the court, the exceptions being ordered to be heard in the first instance at the General Term.

*W. L. Turner*, for the plaintiff.

*Daniel Daly*, for the defendant.

Van Brunt, P. J.:

This action was brought to recover a sum due upon a contract made between the plaintiff and a copartnership alleged to have

been composed of James T. Keenan, the defendant's testator, and one Thomas Nugent. The defendant, by her answer, having denied the copartnership, it became necessary for the plaintiff to prove the same, and the only evidence which was offered to substantiate this allegation of the complaint was a portion of the answer of the present defendant, as executrix in an action begun against her by Nugent, in which she alleged, on information and belief, that the said Nugent and Keenan were jointly interested in a contract with the department of street cleaning of the city of New York, and also a finding by the referee in said action in substantial accord with the allegation in the answer. This proof was duly objected to and the objection was overruled, and upon this evidence alone was based the direction of the court that the allegation of partnership contained in the complaint in this action was made out.

In this we think there was error. It is true that admissions in pleadings in an action between other and different parties have been received in evidence by the courts. The ground upon which these admissions have been received has been because they were admissions against the interest of the party making them, and because of the great probability that a party would not admit or state anything against himself or against his own interest unless it was true. And, furthermore, these admissions have been confined to those cases where the admissions contained the assertion of facts which, from the nature of the case, if true, must have been within the knowledge of the party making the admission and the pleading is verified by him. These rules are laid down in the case of *Cook* v. *Barr* (44 N. Y., 157) and their application is apparent. Therefore, an admission contained in pleadings between other parties simply founded upon information and belief, where there is no presumption that the facts alleged or denied must have been within the knowledge of the party making the allegation or denial, and where the allegation or denial is not against the interest of the party making the same, cannot be received in evidence as establishing any fact. In the case at bar the alleged admission was not against the interest of the defendant, who was asserting a right in respect to a fact as to which there is no presumption that she had any personal knowledge whatever. Therefore, the two elements which are necessary to exist in order to justify the admission of this allegation of the

pleadings are conspicuously absent, and under no rule of evidence could it be admitted.

The admission gains no force from the fact that subsequently the referee in the case in which the admission was made found the statement to be correct. Neither would it lose any force by the fact of a finding in that action that the admission or statement was not correct. It is entirely immaterial, as to its admissibility in evidence, what has become of the action in which the admission has been made, therefore the finding of the referee in the action in which the admission was made was entirely immaterial. It did not conclude the plaintiff in this action, and, therefore, it could not conclude the defendant, because estoppels must be mutual.

There seems, therefore, to have been error committed in the receipt of this admission, and also in the receipt of the finding of the referee in the action in which that admission was made. Notwithstanding the authorities cited upon the part of the plaintiff to sustain the admission of the finding, we think that as the parties were different, and as the finding could not have been offered in evidence in favor of the defendant, it may not be used against her.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.