ELIZABETH E. HUTCHINS, as Executrix of WALDO HUTCHINS, Respondent, *v.* ABRAHAM VAN VECHTEN, Appellant.

*Trust created by a writing not under seal — what is a sufficient declaration of trust — presumption as to the time when the trust was created.*

In 1870 Reuben E. Fenton and wife conveyed to Abraham Van Vechten certain land by a deed absolute in form, and it did not appear that any declaration of trust, or instrument of that nature, upon the part of Van Vechten, was executed at that time.

In 1873 Van Vechten executed to John H. Platt, who was then the law partner of Waldo Hutchins, a power of attorney authorizing Platt to convey the premises, and on the same day wrote to Platt a letter, which he signed, in which, after referring to the power of attorney, he stated. "Whatever is realized you will understand that it belongs to Waldo Hutchins and myself, jointly and equally, and any further instruction Mr. Hutchins may give you, you may comply with."

In 1887 Van Vechten wrote a letter to a tenant on the premises, in which he said: "Although the title of the whole premises is in me there is another party who has an interest." He also wrote letters, in 1885 and 1886, to Hutchins and to his son relative to the property, and to taxes thereon.

In an action brought by Elizabeth E. Hutchins, as executrix of Waldo Hutchins, deceased, to establish a trust in favor of the estate, judgment was rendered in her favor against Van Vechten.

Upon an appeal from this judgment by Van Vechten:

*Held,* that, since the passage of chapter 322 of the Laws of 1860, it has not been necessary to produce a deed or declaration of trust, under seal, in order to establish a trust, but that it may be proved "by any writing subscribed by the party declaring the same."

That the papers and documents in question sufficiently established a trust in favor of Waldo Hutchins, and that its subject-matter was pointed out with sufficient certainty.

That as the evidence justified the finding that a valid trust had been created in favor of Hutchins, the court would presume that it was created at the time of the delivery of the deed by Fenton to Van Vechten.

APPEAL by the defendant Abraham Van Vechten from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of June, 1892, in favor of the plaintiff, establishing a trust in favor of the estate of her testator in certain lands held by the defendant and directing an accounting, after a trial by the court at the New York Special Term.

*Matthew Hale,* for the appellant.

*C. N. Morgan,* for the respondent.

VAN BRUNT, P. J.:

This action was commenced to have it adjudged and declared, that the defendant held certain real property and the proceeds thereof, together with the rents, issues and profits arising out of the use and possession of the same, in trust for the joint and equal benefit of himself and the plaintiff's testator.

The evidence in the case showed that on or about the 23d day of December, 1870, the defendant received from Reuben E. Fen-

ton and wife, a deed dated that day, conveying to him the premises mentioned and described in the complaint for the consideration expressed in such deed of fifteen thousand dollars. Such deed was absolute in its terms, and it does not appear that at the time of its delivery to the defendant any declarations of trust or other instrument, evidencing that he took the conveyance of the premises in trust for the plaintiff's testator, was executed by him.

And the question involved was whether the evidence which is hereinafter referred to established a trust in favor of the plaintiff's testator. The testimony established that subsequently to the execution and delivery of such deed, and on or about the 5th day of June, 1873, the defendant executed to one John H. Platt, then the law partner of the said Waldo Hutchins, a power of attorney, dated that day, empowering and authorizing the said John H. Platt to sell and convey the premises in question upon the terms in such power of attorney stated and expressed.

It also appears that at the time of the execution and delivery of said power of attorney, the defendant wrote a letter to the said John H. Platt, dated the same day, to wit, the 5th day of June, 1873, and signed by him, in which, after referring to the above-mentioned power of attorney, he states : " Whatever is realized you will understand that it belongs to Waldo Hutchins and myself jointly and equally, and any further instruction Mr. Hutchins may give you, you may comply with."

With the two papers above mentioned, there was found, after the decease of Waldo Hutchins, another paper, wholly in the handwriting of the defendant, but without date or signature, containing a description of the premises in question, to which is appended, also in the handwriting of the defendant, this note : " The above is the description of the property as contained in deed to me, nothing about *our being entitled* to six hundred inches."

It further appears from the testimony that subsequently to the execution and delivery of the power of attorney and letter to John H. Platt, above mentioned, the defendant wrote various letters, one to Waldo Hutchins, Jr., in reference to the property in question, dated August 5, 1885 ; another to Waldo Hutchins, Sr., in reference to taxes on the property in question, dated May 7, 1886 ; a third to Waldo Hutchins, Sr., referring to the property and to the taxes

thereon, dated April 20, 1886, and a fourth, dated February 14, 1887, to one Fenton, of Jamestown, N. Y., who was then a tenant of a portion of the property in question, in which the defendant says:

" Although the title of the whole property is in me, there is another party who has an interest. I expect to go to New York some time next week, when I will see him and let you know what it is decided to do."

Upon these facts the court held the trust to have been established, and from the judgment thereupon entered this appeal is taken.

The Revised Statutes declare that " no estate or interest in lands * * * nor any trust or power over or concerning lands, or in any matter relating thereto, shall hereafter be created * * * or declared, unless by act or operation of law, or by a deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same." (2 R. S., 134, § 6.)

By chapter 322 of the Laws of 1860, the section of the Revised Statutes following the one quoted was amended to read as follows: " The preceding section shall not be construed to affect in any manner the power of a testator in the disposition of his real estate by a last will and testament ; nor to prevent any trust from arising or being extinguished by implication or operation of law; *nor to prevent any declaration of trust from being proved,* by any writing subscribed by the party *declaring the same,*" etc. ; thus assimilating our statutes to the law as it existed prior to the adoption of the Revised Statutes and making it substantially the same as the English statute, upon the same subject by which it was enacted that all declarations or creations of trust or confidence of any land, tenements or hereditaments shall be manifested or proved by some writing signed by the party who was by law enabled to declare such trust. Therefore, in order to prove a trust it is not necessary to produce a deed or declaration of trust under seal, but such declaration of trust may be proved by any writing subscribed by the party entitled to declare the same.

The question thus presented in this case is whether the writings to which attention has been called establish such a declaration. Our attention has been called to the case of *Young* v. *Young* (80 N. Y., 422), as a strong case in support of the contention of the defendant. We are unable, however, to see that it has any application to the

case at bar.   The question in that case was a question as to whether
a gift had been made of certain bonds which belonged to and were
in the possession of the donor at the time of his death.   But there
is no proposition in this case involving a gift; there is nothing to
show that the defendant was speaking of a gift when he was speak-
ing of the interest of Mr. Hutchins in the property in question.
It was of a legal right, because he says in one place that somebody
else has an interest in the property, and in another he speaks of it as
being " our property," and in another that in case of sale one-half
belongs to Mr. Hutchins — not a mere authorization to pay but a
statement of a fact.   He says: " Whatever is realized you will
understand that it belongs to Waldo Hutchins and myself, jointly
and equally, and any further instructions Mr. Hutchins may give
you, you may comply with."

It is urged that the alleged declaration is not sufficiently clear
and explict, and does not point out with certainty the subject-matter
and the extent of the beneficial interest.   It is difficult to see how
this criticism can apply.   The subject-matter was distinctly speci-
fied in the power of attorney to Platt, and in the letter which con-
tains the declaration of interest this power of attorney was referred
to, thus pointing out with certainty the subject-matter; and when
he says that all proceeds belong to Hutchins and himself jointly and
equally, the extent of the beneficial interest is no longer uncertain.

It is further claimed that the interest mentioned in the letter to
Platt may have been compensation for services in effecting a sale,
or something in connection with the property.   But this is incon-
sistent with the letters in reference to the taxes, and also with the
statement, in his own handwriting, that another party has an inter-
est in the property.

The case of *Cook* v. *Barr* (44 N. Y., 156) certainly does not sus-
tain the contention of the defendant.   In that case it was sought to
establish a trust by certain allegations in an answer, and it was held
that all such allegations were perfectly consistent with absolute owner-
ship in the land, and no trust in the land was properly or necessarily
inferable from them.   But in the case at bar there is no such ambi-
guity.   The declaration is explicit that another party has an interest
in the land ; and that whatever is realized from the land belongs to

Hutchins and the defendant jointly and equally. From this language, it is impossible to draw any other inference than that the defendant and Hutchins were jointly interested in the enterprise in respect to this land. It is not necessary to notice the various theories, advances by the learned counsel for the appellant, because it seems to us that they torture the plain language used in the documents offered in evidence from their manifest and natural meaning; and suppositions are indulged in which have no foundation except in the imagination, it being suggested that the defendant proposed to make a gift of the half of the proceeds of this property in case of a sale. But no words were used to indicate any such intention. A man does not give to another what belongs to that other.

It is also claimed that there is no evidence in the case tending, in the slightest degree, to show that a trust was created at the time of the delivery of the deed from Fenton to the defendant. The evidence was sufficient, as already seen, to justify the court in finding that a valid trust existed in favor of the deceased Hutchins, and the presumption would necessarily arise that such trust was created at a time which would make it effective, rather than a presumption which would enable the defendant to shield himself under the statute of frauds.

The various other exceptions in the case have been examined, and none of them seem to us to be of any materiality. We are, therefore, of the opinion that the judgment appealed from should be affirmed, with costs.

O'BRIEN and LAWRENCE, JJ., concurred.

Judgment affirmed, with costs.