(18 App. Div. 381.)

REED v. McCORD.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

1. NEGLIGENCE—OPERATION OF DERRICK—PROVINCE OF JURY.

In an action for negligence causing the death of one R., it appeared that R. was killed by the fall of part of a derrick, operated by an employé of defendant; that the load on the derrick was raised by a rope running over a drum, on the end of which was a ratchet wheel, engaging with a dog intended to check the load instantly at any time. It also appeared that, at the time of the accident, defendant's employé started the machinery to hoist a load, when the dog was not in place, and upon his throwing it into place, after the load had begun to fall, it broke under the sudden strain, and allowed the load to fall, carrying down part of the derrick upon R. Held, that this was sufficient to justify the submission to the jury of the question of defendant's negligence.

2. ADMISSIONS—FACTS WITHOUT ONE'S KNOWLEDGE.

Admissions of a party to an action do not come within the category of hearsay evidence, and it is not necessary that such admissions, in order to be evidence, should be of facts within the knowledge of the party making them. Accordingly, held, that a statement of an employer, as to the cause of an accident by which his employé was killed, made at the coroner's inquest, was competent, in an action against him for damages, as an admission, though he had no personal knowledge of the facts, especially as such statement was not elicited by questions, but was volunteered by him.

Action by Mary Reed, administratrix of the goods, chattels, and credits of Patrick Reed, deceased, against William H. McCord and another. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant McCord appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Jesse Johnson, for appellant.
John C. Robinson, for respondent.

GOODRICH, P. J. The plaintiff's intestate, Patrick Reed, was killed on October 1, 1895, by the fall of a derrick which was being used by the firm of Post & McCord in the erection of the ironwork of an 18-story building at the corner of Broad street and Exchange Place, New York City. Post died after the commencement of the action, which was thereafter continued against the defendant McCord alone. Reed was in the employment of other persons who were contractors for the erection of the stonework of the structure, and, in doing his work, was stationed on a temporary bridge or platform over the sidewalk on Broad street, on a level with the second floor. A derrick on a floor several stories above was used by the defendant's firm in lifting heavy loads of iron, under their contract with the owner. It consisted of a mast and boom. There was an engine on the ground floor having a drum or spool, around the cylinder of which the hoisting rope ran. The spool had a ratchet into which a "dog" fitted, and engaged the ratchet, so as to prevent the head from revolving in the opposite direction. This dog was fastened to a boss, and was held in position by a steel pin passing through the dog, and into the boss, the object being to catch the load instantly at any time when it became necessary. There was evidence tending to show that on this occasion the load, consisting of two heavy iron beams or columns, weighing 3,000 pounds, had been lifted, and had passed within the building line for a minute or two, so as to have disappeared entirely from the view of the stonecutters; that Reed watched the load until it thus went out of sight, when he resumed work on the platform below; that the rope suddenly commenced to run out rapidly through the pulleys; the boom of the derrick with its load began to descend, until it struck the front of the building, when it broke into two pieces; and the end, with the load, was precipitated into the street, smashing through the platform upon which Reed was standing, and inflicting such injuries upon him that he died in a few minutes. When the rope began to play out, the spoolman, finding something out of order, so that the clutch would not catch and check the revolution of the spool, tried to put the clutch in gear, but, finding that it would not work, kicked the dog suddenly into position. This sudden shock caused a strain, which broke the dog; and the spool, being thus unchecked, reversed rapidly, causing the boom to fall, as before stated. There was no other evidence of negligence, except an admission of the defendant McCord, made in his examination at the coroner's inquest, to which reference will be made hereafter. The defendant offered evidence to

show that the hoisting engine was of a standard pattern, purchased of reliable dealers, and contended that the plaintiff cannot recover without proving that it broke because of some defect which the defendant should have discovered or remedied, or that it broke because of its negligent use and operation. There is no allegation in the complaint that the machine was not good and sufficient. The allegation is that the death of Reed was "occasioned solely by the negligence and carelessness of the defendants and their agents, servants, or employés in charge and control of the same." So that the issue relates solely to the negligent operation of the machine by the defendant or his workmen.

The plaintiff contends that the breaking of the boom and the falling of the load into a public street alone constituted prima facie evidence of defendant's negligence, and that the doctrine of res ipsa loquitur must be applied, citing, among other cases, Hogan v. Railroad Co., 149 N. Y. 23, 43 N. E. 403, where it was held that it is a well-settled rule that, if a person erects a building or other structure upon a public street, he is under legal obligation to take reasonable care that nothing shall fall into the street to the injury of persons lawfully there; and that as such structures do not ordinarily fall upon the wayfarer, if anything does fall or injure a person lawfully there, the accident is prima facie evidence of negligence, or, in other words, the presumption of negligence arises. Assuming, therefore, that res ipsa loquitur, the court properly denied the motions to dismiss the complaint, and direct a verdict for the defendant, unless the defendant produced sufficient evidence to rebut this presumption. I am of the opinion that the evidence produced by the defendant was only sufficient to require a submission of the defendant's negligence to the jury. The charge of the learned court was not excepted to by either party, although it stated that the mere breaking of the boom, or the falling of the metal, and the killing of Reed, was not sufficient to justify the jury in assuming that the defendant did not do what the law required him to do, and that the plaintiff must prove that the falling of the derrick was caused by some negligence on the part of the defendant or his agents.

The defendant produced the evidence of the spoolman, who testified as to the cause of the accident. The question therefore recurs whether there was any evidence of negligence in the operation of the machine by the spoolman. His own testimony shows that it was his duty to attend at the spool; that, if he had looked, he could have seen whether or not the dog was acting and clutching the ratchet, as it ought to have done; that he started the spool without knowing whether or not the clutch was properly operating; that, after it started, he found it was not working; that he tried in this emergency to kick the dog into place, but failed to do so, and the spool revolved so rapidly that when he succeeded in putting the clutch partly into position, but not fully, the sudden strain broke the dog. The negligence, and the only negligence, to be predicated on this state of facts, was the failure of the spoolman to see that the clutch was in place before he permitted the reverse; and I think that this was sufficient evidence of negligence in this respect to justify the court in submitting the facts to the jury.

One other exception requires consideration.   At the .coroner's inquest, the defendant McCord, who was not present at the accident, testified that, "for some reason or other, that day the dog was not in position, and that caused the accident.   The man who had charge of it supposed the dog was in position, and he released his hold on the thing, and it commenced to revolve, and then he got down, so as to put his foot on it, and it was going so rapid that it slipped past." This evidence was admitted at the trial, under exception.   It is not necessary that admissions of a party to an action, in order to be evidence, should be of facts within the knowledge of the party making them.   Such admissions do not come within the category of hearsay evidence.   In the case of Stephens v. Vroman, 16 N. Y. 381, a witness was examined by the plaintiff, and on cross-examination was permitted to testify, under objection and exception, that the plaintiff had "told the witness that the folks at the lake said" thus and so.   For this error the court reversed the judgment, referring to the rule that statements of a person could not be introduced as evidence, because the person should be present, and submit to cross-examination of the adverse party, and added:

"This rule does not, however, embrace the admissions of a party to the action; for, upon equally plain principles, anything which a man says against himself may be given in evidence by his adversary, as it is not to be supposed that one will make a statement adverse to his own interest unless it is true."

Tried by this rule, the admission of the defendant was a "statement adverse to his own interest"; and it was made under the solemnity of an oath in a legal proceeding instituted for the purpose of determining upon whom rested the responsibility of the accident, where it may reasonably be assumed that the defendant would be careful of admissions which would be injurious to his interests, and possibly form the basis of an action against him for recovery of the damages occasioned by the accident.   He did not testify that he had heard any one say what he stated as a fact.   Indeed, the question which elicited the remark was, "All machines of that kind are like that?"   The witness answered this by saying, "That one maker," which was a full answer to the question; but, in addition, he volunteered the admission or statement which is cited above, as to the cause of the accident.   The fact that it was not an answer to the question would seem to add force to the conclusion that the evidence was admissible as an admission of the defendant.   It is not necessary that the admissions should be within the personal knowledge of the party making them.   They may be derived from information furnished him by others, and still be admissible as evidence against him.

Commissioner Earl, in Cook v. Barr, 44 N. Y. 156, 158, said:

"When a party to a civil action has made admissions of facts material to the issue in the action, it is always competent for the adverse party to give them in evidence; and it matters not whether the admissions were in writing, or by parol, nor when nor to whom they were made."

In Chapman v. Railroad Co., 26 Wis. 295, and in Shaddock v. Town of Clifton, 22 Wis. 115, it was held that the admissions of one of the defendants, of facts not within his personal knowledge, made upon the hypothesis that information given him by the plaintiff was true,

are admissible in evidence against him, in connection with proof of the truth of such information. Those cases are cited with approval in Abb. Tr. Brief, p. 26, § 77. In the present case there was other evidence tending to show that the admission was true. A clear distinction exists between an admission which by its wording is stated to be mere hearsay evidence, and matter which, by the wording of the sentence, does not appear to be hearsay. 1 Greenl. Ev. § 202. This distinction was referred to in the Wisconsin cases already cited. An examination of the grammatical construction of the admission in question shows that it was complete in itself, and was not stated by the witness to be hearsay evidence, or a statement made to him by any person, or a repetition of any such remark, but was an absolutely unqualified admission of the facts therein stated. The source or reason of the statement by the witness did not appear, and this rendered the admission of the evidence proper, within the reasoning of the authorities already cited. The defendant, moreover, was present at the trial, and although the court, when admitting the evidence, intimated that he could explain this statement made at the inquest, he did not see fit to become a witness in order to explain it. It may be assumed that, at the time of the inquest, he acted as an employer usually would act, and had made some examination of and inquiry into the facts, had talked with his employés in charge of the spool and machinery, and had also examined these articles, and that this admission against his interest was not without some foundation of information.

The judgment and order must be affirmed. All concur.