LECOUR v. IMPORTERS' & TRADERS' NAT. BANK et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

EVIDENCE—ADMISSIONS OF ATTORNEY—HEARSAY

Admissions of an attorney as to his client's liability, based on information received from his client, are not competent against the attorney in an action against him on the same debt.

Appeal from judgment on report of referee.

Action by Aimee R. Lecour, as administratrix of the estate of Eugene H. Lecour, deceased, against the Importers' & Traders' National Bank and Abram Kling. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Abram Kling, for appellants.
Marshall B. Clarke, for respondent.

CULLEN, J. This action was brought for the conversion of a check for $7,891.72, drawn to the order of plaintiff's intestate, Eugene H. Lecour, as executor of Joseph Houpert, by the chamberlain of the city of New York. It was the amount awarded to the payee, as holder of a second mortgage, in proceedings for the distribution of surplus moneys. In that proceeding one Edmond Huerstel was the attorney for the payee of the check. Huerstel indorsed the check in the name of the payee, and delivered it to the defendant Kling, who gave his own check for the same amount to Huerstel's order. Kling

deposited the chamberlain's check with the defendant the Importers' & Traders' National Bank, who collected it through the clearing house from the Manhattan Bank, on which it was drawn. The defendants claimed that Huerstel had authority from Lecour to indorse the check, and that the money was paid over to Lecour. These allegations the plaintiff denied. The learned referee found with the plaintiff that the check was indorsed without authority, and that its amount had never been paid over to the payee.

In our view, the evidence was sufficient to support the referee's decision; but this it is unnecessary to discuss, as we think a fatal error was committed in the reception of evidence. Huerstel for some reason was called as a witness by the plaintiff. At the instance of the defendants, Huerstel testified that he had authority from his client to indorse the check. It is very doubtful whether Huerstel was a competent witness as to this fact, Lecour having died before the time of the trial. However, no objection was made by the plaintiff to this testimony. Still, Huerstel was an interested witness, with every motive to testify so as to acquit himself of the charge of forgery, and the referee was not bound to believe his evidence. The defendants also put in evidence accounts filed by Lecour in the courts of New Jersey, in which state his letters testamentary had been issued, tending to show, as claimed, that he had on hand the funds represented by the check. These accounts were not conclusive on the plaintiff, for the defendants were not parties to the proceeding in which they were rendered. Still they were competent evidence in the nature of admissions, good for whatever the referee might find they were actually worth. In this state of the defendants' proof, the plaintiff was allowed to prove conversations between the attorney for Lecour in his lifetime and the defendant Kling, the effect of which, as claimed, was substantially an admission by Kling of Huerstel's liability. It appears that Lecour had instituted criminal proceedings of some kind against Huerstel. The defendant Kling was an attorney at law. Whether he actually appeared in court on these proceedings, as the counsel of Huerstel, the record does not show. But it is plain that he had negotiations on Huerstel's behalf with the lawyers for Lecour. In these conversations Lecour's attorneys repeatedly asserted Huerstel's liability for the moneys paid in the surplus proceedings. Kling did not deny this charge, but sought adjournments and delay, and made propositions for an extension of time, to enable Huerstel to pay the claim. It is unnecessary to state these conversations in detail. Substantially, Kling admitted the existence of the claim against Huerstel; not, indeed, by any affirmative statement to that effect, but by failing to deny it, and proposing a method for its payment or discharge. The question is whether an admission of this character is competent evidence against Kling in a suit against him personally. It must be remembered that at this time no claim whatever was either made or suggested against Kling. In the negotiation Kling seems to have acted solely as the attorney or representative of Huerstel. There was no question on the trial as to the disposition of the check in suit. The only questions were (1) the authority of Huerstel to indorse the check, and (2) whether he

had accounted to his client, the payee, for its proceeds. As to neither of these facts did Kling have any personal knowledge. Therefore, whatever admissions he made in the negotiation must be assumed to have been based on the information received by him from his client, Huerstel. Mr. Greenleaf says (1 Greenl. Ev. § 202) that it is questionable whether admissions containing matter stated as mere hearsay are admissible in evidence, but the law on the subject seems settled in this state. In Stephens v. Vroman, 16 N. Y. 381, it was held that a statement made by the plaintiff of facts that third parties had told him concerning the matter in controversy could not be given in evidence against him as an admission. In Mayor, etc., v. Fay, 53 Hun, 553, 6 N. Y. Supp. 400, it was held that statements contained in a verified pleading in another action, when made on information and belief, were not competent evidence as admissions, though it was conceded that, had the allegations been made on positive knowledge, the rule would have been otherwise. Cook v. Barr, 44 N. Y. 156. In Shaddock v. Town of Clifton, 22 Wis. 114, it was held that where a matter was stated as a fact, even though the party stating it had not personal knowledge of the subject, it was competent evidence as an admission, though it is conceded the rule would be otherwise if the statement had been made as a matter of hearsay. To the same effect is Chapman v. Railroad Co., 26 Wis. 295. We are of opinion that, even within the rule as declared in Wisconsin (which we think correct,—Reed v. McCord, 18 App. Div. 387, 46 N. Y. Supp. 407), the evidence given in this case was incompetent. Kling did not affirmatively state that his client had converted the check or failed to account to the payee for its proceeds. The admission was a matter of inference from his failure to deny the claim made by the other side and his proposal for its payment or settlement. In such a negotiation, a declaration by Kling that all he knew of the client's liability was information received from the client, and that he was without personal knowledge on the subject, would seem unnatural and unnecessary. We think it would be both unfair and dangerous to hold admissions of this character, as to matters of which he has no personal knowledge, made by a lawyer in the affairs of his client, admissible against him. Would what the counsel said in summing the cause up to the jury be competent evidence against him? We apprehend that no one would seriously maintain such a proposition, and we think the same principle applies to the present case. It may be that the referee would have come to the same conclusion even without this objectionable evidence. But, the action being at law, we must assume that the appellants have been prejudiced by the incompetent evidence.

The judgment should be reversed, and a new trial granted before a new referee, to be appointed at special term, costs to abide the event of the action. All concur.