dice the plaintiff's case on appeal, or whether it should have any effect whatever upon the decision of the case by the referee. Very clearly the court at Special Term, from the record before it, could not conclude that the plaintiff had in any manner been injured by such statement, even though it were given the effect that the defendant now claims for it, and even though the court were convinced that the plaintiff intended no more by the stipulation than he now claims. Under such circumstances, no sufficient or proper grounds were shown for vacating the judgment rendered by the referee, and the order which does so must be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

110 App. Div. 723)

MAHER et al. v. EMPIRE LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. January 5, 1906.)

1. EVIDENCE—ADMISSIONS.
   Where proofs of death, made out by a beneficiary in a life policy, gave the date of insured's birth and stated that it was so given because the beneficiary had heard insured mention the year named, such statement as to the date of birth was not admissible in an action on the policy as a declaration of the beneficiary against interest.

2. SAME—RECORDS·OF FOREIGN COUNTRY—CENSUS.
   In an action on a life policy, where the defense was that insured had misrepresented her age, it was proper to exclude duly certified copies of the census of Ireland containing statements as to the age of insured, where it appeared that they were teeming with untruths, unreliable, and irreconcilable.

3. INSURANCE—ACTION ON POLICY—PLEADING DEFENSES.
   In an action on a life policy, a defense that insured obtained her membership in defendant irregularly must be pleaded.
   [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1634.]

   Woodward and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Mary Maher and another against the Empire Life Insurance Company. From a judgment for plaintiffs and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Charles Blandy, for appellant.
William B. Hurd, Jr., for respondents.

HOOKER, J. In this action by the beneficiaries upon a life insurance policy the defendant pleaded and sought to show that the insured misrepresented her age at the time she applied for the insurance. Her application contained a representation that she was born on the 10th day of December, 1841. The only evidence introduced by the defendant to sustain its contention was the proofs of death subscribed and sworn to by the two beneficiaries, the plaintiffs. In these proofs were the following questions and answers:

"Date of birth of deceased? Do not know month or day; year 1840. From what source of knowledge or information do you fix the date and place of birth? We heard our mother mention year 1840."

The court below refused to allow the defendant to go to the jury on the question of whether the decedent was born on the 10th of December, 1841, and directed a verdict in favor of the plaintiffs. The defendant appeals from the judgment and from the order denying motion for a new trial.

We are of opinion that the proofs of death afforded in favor of the defendant no proof of the fact that the insured was not born on the 10th day of December, 1841. The defendant urges that, inasmuch as the plaintiffs subscribed the proofs of death, the statements therein contained are admissible in evidence against them so far as material, on the theory that they are admissions against interest, and hence that there is some evidence that the insured was not born on the day she represented, and that a question of fact is presented which should have been submitted to the jury. It has been held that admissions against interest, even though made without being based upon personal knowledge by the person admitting, are receivable. It is said in Kitchen v. Robbins, 29 Ga. 713, that admissions would not be made except on evidence which satisfies the party who is making them against his own interest that they are true, and that as evidence to the jury that they are true. This seems to be the true ground upon which admissions against interest are usually received. A distinction, however, has arisen in the law of this state, based upon whether the language of the admission was such as to indicate that the party assumed, at the time the admission was made, to speak upon positive knowledge, or, on the other hand, whether the admission on its face showed that it was a mere repetition of what another had said. This distinction is pointed out in the opinion of Presiding Justice Goodrich in Reed v. McCord, 18 App. Div. 381, 386, 46 N. Y. Supp. 407, 411, where it is said:

"A clear distinction exists between an admission which, by its wording, is stated to be mere hearsay evidence, and matter which by the wording of the sentence does not appear to be hearsay. 1 Greenl. on Ev. § 202. * * * An examination of the grammatical construction of the admission in question shows that it was complete in itself, and was not stated by the witness to be hearsay evidence or a statement made to him by any person or a repetition of any such remark, but was an absolutely unqualified admission of the facts therein stated. The source or reason of the statement by the witness did not appear, and this rendered the admission of the evidence proper, within the reasoning of the authorities already cited."

When the case of Reed v. McCord, supra, reached the Court of Appeals, the judgment was affirmed (160 N. Y. 330, 54 N. E. 737), and much the same view of the law was taken as to this phase of the case. Judge Martin said:

"The defendant being a party to this action, his admissions against his own interest were evidence in favor of his adversary, if of a fact material to the issue. If he had merely admitted that he heard that the accident occurred in the manner stated, it would have been inadmissible, as then it would only have amounted to an admission that he had heard the statement which he repeated, and not to an admission of the facts included in it. That would have been in no sense an admission of any fact pertinent to the issue, but a mere

admission of what he had heard without adoption or indorsement. Such evidence is clearly inadmissible. Stephens v. Vroman, 16 N. Y. 381. But the admissions proved in this case were not of that character. They were plain admissions of facts and circumstances which attended the intestate's injury. In a civil action the admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever, or to whomsoever made. Cook v. Barr, 44 N. Y. 156; Whiton v. Snyder, 88 N. Y. 306; Eisenlord v. Clum, 126 N. Y. 559, 27 N. E. 1024, 12 L. R. A. 836; Hutchins v. Van Vechten, 140 N. Y. 118, 35 N. E. 446; Owen v. Cawley, 36 N. Y. 600."

The admission in this case falls in the class which by its wording is stated to be mere hearsay evidence, as distinguished from such as is stated upon the positive knowledge of the party making the admission, even though as matter of fact he may not have been possessed of actual knowledge in the premises. The plaintiffs were asked to state in their proofs of death the date of the decedent's birth and from what sources of knowledge or information they fixed the date; and the answer was that they gave 1840 as the year of her birth, not knowing the month or day, because they heard their mother mention the year 1840. The admission must, of course, be considered in its entirety, and it is clearly nothing further than a statement that they derived information from their mother that she had been born in a given year. The admission is not made unequivocally, is not asserted as though upon the positive knowledge of the admitting parties, and it seems clear that the evidence should not have been received as an admission against interest. The admission, being made purely upon the information had from the mother, and deriving its sole support therefrom, cannot be any stronger against the plaintiffs than the unsworn statement itself from which they infer the fact, especially where there is nothing, as here, indicating that the plaintiffs adopted the fact as the truth. One of the plaintiffs, called by the defendant, testified on the trial that she had no knowledge of her mother's age except as she had learned it from statements made by the mother.

It is too late upon this appeal for the defendant to raise the question that the decedent did not rightfully become a member of the defendant. The insurance company had received premiums regularly upon the policy since its inception, and the defense that the membership was obtained irregularly was not pleaded. The judgment must be "Secundum allegata et probata." Brightson v. Claflin Co., 180 N. Y. 76, 72 N. E. 920.

The court did not err in excluding the census returns. Their probative force was nil. On their face they demonstrated that they were teeming with untruths. They were unreliable, irreconcilable, and at variance one with another. They show, among other things, that Patrick Vahey had lived 12 years in 10, for his age is given as 8 years in 1841, while in 1851 he had become 20. The widow Vahey, evidently his mother, lived 17 years in 10, for in 1841 her age was 33, and 10 years later she is stated to have been 50. The case of the widow Hines is still more remarkable, for she lived 21 years in 6. In 1841 she was 60 years old, but in 1847, when she died, she had attained the age of 81. These are but a few instances of the many remarkable discrepancies with which these so-called census returns abound.

In addition to this, they are hearsay under the rule that health certificates, in spite of provisions of the statute seeming to permit their introduction in evidence, are repudiated as such.   Davis v. Supreme Lodge, 165 N. Y. 159, 58 N. E. 891; B. L., T. & S. D. Co. v. K. T. & M. M. A. Ass'n, 126 N. Y. 450, 27 N. E. 942, 22 Am. St. Rep. 839; Beglin v. Metropolitan Life Ins. Co., 173 N. Y. 374, 66 N. E. 102.

The judgment and order should be affirmed, with costs.   All concur, except WOODWARD and MILLER, JJ., who dissent.