SHADDOCK AND WIFE vs. THE TOWN OF CLIFTON.

*Admissions of husband as evidence in action by himself and wife for injuries to the wife.*

1. Damages recovered at the suit of husband and wife for injuries to the person of the wife, belong to the husband.
2. The interest of the husband in the action is therefore such that his admissions relative to the subject matter thereof may be introduced in evidence for the defendant.
3. Action against a town for injuries to the wife in consequence of defects in a highway. An admission by the husband the next day after the injuries were received, that "if the driver of the team had not struck the off horse and made him jump against the near one, the accident would not have happened," should have been allowed to go the jury, although the husband was not present when the accident occurred.

4. An admission by the husband that he knew before the accident that the road was not safe, was properly rejected where it was not shown that he either sent the team, or knew that it was going, over said road.

APPEAL from the Circuit Court for *Pierce* County.

Action by husband and wife for injuries to the person of the wife, alleged to have resulted from the negligence of the defendant. The substance of the complaint is, that on, etc., one Anna McGray was driving on a certain highway in the defendant town, a span of horses attached to a double wagon loaded with wheat—all the property of *Asa F. Shaddock*, one of the plaintiffs—the other plaintiff, *Phœbe Shaddock*, being seated in the wagon; and that in consequence of the bad condition of the highway, by reason of the neglect of said town in repairing the same, the wagon was upset, producing the injuries complained of. The defense was, that the track over which the team was driven was one which had been abandoned before the accident, and was then no longer worked or used, because the character of the ground made it impossible to keep said track in a safe condition; that another and good track adjoining the former, and forming part of the same highway, had been constructed and was then in constant and common use; that the facts in regard to the two were so plain to any person driving on the highway, that no person in the exercise of ordinary care or prudence would have driven on the old and abandoned track; and therefore that, "in the sending, using and driving of said team, at said time and place, the plaintiffs and said Anna McGray" were guilty of negligence.

On the trial, after the plaintiff rested, defendant offered to prove by two different witnesses certain admissions of *Mr. Shaddock*, the nature of which will fully appear from the opinion below. The evidence was rejected.

Verdict and judgment for the plaintiffs; and defendant appealed.

*J. S. White*, argued, among other things, that it was error to exclude evidence of *Mr. Shaddock's* admissions, because he was the real party in interest ( 3 Blacks. Comm., *140 ; 1 Chitty's Pl., 83 ; *Stroop v. Swarts*, 13 Serg. & R., 76 ; 2 Hill, 260 ; 33 Me., 196 ; 7 Mass., 95.); and the rule that admissions of a party to the record, with any interest, however small, are admissible, is inflexible. 1 Greenl., §§ 171–2; *Irby v. Brigham*, 9 Humph., 752. See also Cow. & H.'s Notes, 149 ; *Evans v. Smith*, 5 Mon., 363–4 ; *Dodge v. Manning*, 11 Paige, 348.

*H. L. Humphrey* and *Allen Dawson*, for respondents, contended that the cause of action in this case accrued to the wife only, but a technical rule of law required the husband to be joined. 15 Wis., 246. The statute gives the remedy to the party injured. 32 Me., 536; 31 id., 299. The admissions of the husband will not bind the wife. 3 Mich., 580; 8 Gray, 57 ; 4 E. D. Smith, 63 ; 2 Sandf., 338; 1 Greenl. Ev., §§ 176, 341, and cases there cited. If ever binding, she must be privy to them. 5 Wend., 558; 14 id., 90 ; 5 Barb., 398 ; 6 Johns. Ch., 360 ; 4 Denio, 153.

DIXON, C. J. Has the husband such an interest in the action that his admissions of facts tending to defeat it ought to be received in evidence ? We think he has. The action is by husband and wife, to recover damages for injuries done to the person of the wife. Such damages, when recovered, are not the separate property of the wife, under the statute enlarging the rights of married women as to property. Rights of actions for torts of this nature are not included, but only such real and personal property as a married woman may receive by inheritance, or by gift, grant, devise, or bequest from any person other than her husband. R. S., chap. 95, sec. 3. The damages, therefore, when recovered, will belong to the husband. He may reduce them to possession,

and dispose of them as he pleases. He controls the action, and may discontinue it, or give a release. Any settlement made or discharge properly given by him, will bind the wife. *Southworth v. Packard*, 7 Mass., 95; *Beach v. Beach*, 2 Hill, 260; *Ballard v. Russell*, 33 Maine, 196. It is true, should the husband die before the wife, and before a recovery, and without having released the damages, the right of action would survive to the wife, and it might be prosecuted in her name alone. But the right of the wife is so remote and uncertain as scarcely to be considered during the lifetime of the parties. It may, with almost strict legal accuracy, be said, that the husband has the exclusive interest. For these reasons, we think his admissions should be received.

And so it was held by the chancellor in a much stronger case, in *Dodge v. Manniny*, 11 Paige, 334. It was, that the admission of a husband, made during coverture, that he had received payment of a legacy bequeathed to his wife, is evidence of such payment, in a suit for the recovery of the legacy commenced after his death; the husband, during his life, having the right to receive payment thereof. See also *Evans v. Smith*, 5 T. B. Mon., 363, and *Taylor v. Bate*, 4 Dana, 202. The decision in *Shaw v. Boston & Worcester Railroad Corporation*, 8 Gray, 45, in the language of the court, rests on "the peculiar circumstances of the case," and cannot be regarded as establishing a rule applicable to any different state of case. *Everts v. Everts and wife*, 3 Gibbs (Mich.), 580, is so imperfectly reported, that it is very difficult, if not impossible, to ascertain what the exact point in question was. The court say, that "the charge, in view of the nature and character of the case, was beyond all controversy, correct;" but what the nature and character of the case was, farther than that it was an action by husband and wife for an assault on the wife, we are not informed. It may be, and I think is, fairly to be inferred from another

part of the opinion, that the defendant claimed that the acts and words of the husband at a time different from that of the assault, and when the wife was not present and did not participate, might be given in evidence in mitigation of damages for the assault on the wife; and if this was so, no one, I think, will be inclined to doubt the correctness of the decision. At all events, the case seems to have very little bearing on the question we are now considering.

The admissions of the husband being receivable, the next question is, whether there was anything in the nature of the admissions offered which justified the circuit court in excluding them from the consideration of the jury. The first offer was, to prove by the witness Daniel Currier, that in an interview between him and the husband, the day after the accident happened, the husband said that the accident would not have occurred if Anna McGray (the person driving the team) had not struck the off horse, and made him jump against the near one and push him off. It appears from other parts of the record, that the husband was not present at the time and place of the accident, and consequently that his knowledge or information as to what then occurred must have been derived from the statements of either Anna McGray or his wife, or both. For the plaintiffs it is contended that the admission was properly rejected, because it was of matter of hearsay. Mr. GREENLEAF (1 Greenl. Ev., § 202) says it has been made a question, whether the admission of matters *stated as mere hearsay* is to be received in evidence, and leaves it in doubt. The Court of Appeals, by a majority decision, in *Stephens v. Vroman*, 16 N. Y., 381, held such an admission not receivable. But the admission here offered was not of a matter *stated as mere hearsay*, but of a matter *stated as a fact*—a fact not, however, as it would seem, within the personal knowledge of the party making the admission, but derived by information from others. Ought such an

admission to be received? We are inclined to think that it should. Verbal admissions are in some respects evidence of a very weak character; and, now that the parties themselves are in general competent witnesses, they are open to the fullest explanation. If the husband had received such information as satisfied him that the striking of the horse was the cause of the accident, and as induced him deliberately to admit it *as a fact*, it was certainly some evidence to go to the jury to show that the plaintiffs' claim of damages was unfounded. It was an admission strongly against the interest of the party making it, and appears to us to be within the general rule sanctioning evidence of that nature.

As to the other alleged admissions of the husband, offered to be shown by the witness Kimball Currier, that he, the husband, had been over the road and examined it before the accident, and knew it was not safe, we are of opinion that it was properly rejected, because it was not shown, either that the husband sent the team to the mill, or that he was present when it started and knew that it was going there. To have affected the husband with negligence in not warning his wife, or the person in charge of the team, of the unsafe condition of the road at that place, one or the other of these things must have been shown. If they went in his absence, or without his knowledge or direction, it is very clear that no negligence can be imputed to him for not having done so.

It follows that the judgment must be reversed, and a new trial awarded, for error in rejecting evidence of the first admission offered; and, as the bill of exceptions is very meagre, not purporting to contain all the evidence, and as another trial may show a different state of facts, we forbear to express any opinion upon the other questions argued.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.