(13 App. Div. 65.)

BAXTER et al. v. BAXTER et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1897.)

WITNESSES—TRANSACTIONS WITH DECEDENTS—INTEREST.

    In an action to annul a deed, an heir of the grantor, who has been joined with the grantee as a defendant on his refusal to join the other heirs as plaintiff, may testify in behalf of the grantee, as to statements made to witness by the grantor at the time of the conveyance, as his interest is adverse to the grantee, and his testimony does not come within the provision of ·Code Civ. Proc. § 829, that a party interested in the result of a trial cannot testify in his own behalf against one who derives title from a deceased person, concerning a personal communication between witness and decedent.

Appeal from trial term, Schoharie county.

Action by James E. Baxter and others against Mathias Baxter and others to set aside a deed of real estate. From a judgment for plaintiffs on a special verdict, defendant Mathias Baxter appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Barnum Bros. (J. W. Barnum, of counsel), for appellant.
G. M. Palmer, for respondents.

PUTNAM, J. This action was brought by the plaintiffs, as heirs at law of one John Baxter, deceased, to set aside a deed of a farm in Schoharie county, N. Y., executed by said deceased to the defendant Mathias Baxter, on the ground, as alleged in the complaint, of a want of consideration, fraud, and undue influence, and the mental incompetence of the grantor. One Benjamin Baxter and other heirs of the said John Baxter were made defendants, because, as set out in the complaint, they refused to join as plaintiffs. The defendant Mathias only answered, and, besides denying the allegations of the complaint as to want of consideration, fraud, and undue influence, and the mental incompetence of the grantor, he set up that under an oral contract made between the said deceased and himself he was the equitable owner of the farm in question at the time the deed sought to be set aside was executed. The plaintiffs had judgment for the relief demanded in the complaint. On the trial the defendant Mathias Baxter called his co-defendant, Benjamin Baxter, as a witness, and offered to prove by him certain statements made by the grantor in conversations between said Benjamin and the deceased, occurring about the time of the delivery of the deed in question, which, if proved, would have had a material bearing on the questions involved in the action. On the objection of the plaintiffs, the evidence thus offered was excluded as incompetent under the provisions of section 829 of the Code of Civil Procedure. We think, in thus holding, the trial court erred. Section 829, supra, provides that:

"Upon the trial of an action * * * a party or person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against * * * a person deriving his title or interest from, through, or under a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person. * * *"

Benjamin Baxter was not examined by his co-defendant, Mathias Baxter, "in his own behalf or interest." Although he was made a party defendant, he was so made because he declined to join as a plaintiff. His real legal interest in the action was with the plaintiffs. If they succeeded, he would become entitled to a portion of the farm conveyed to his brother, Mathias Baxter, by the deed in question. In Bank v. McCarty, 149 N. Y. 71–84, 43 N. E. 427, it was held that:

"A witness whose interest in the result is adverse to that of the party calling him, does not testify in his own behalf or interest. Carpenter v. Soule, 88 N. Y. 251–257. An interest in the question is not enough to disqualify, as that is not an interest in the event. Unless the witness will gain or lose by the event, either directly, as in money, or indirectly, because the record could be used as evidence for or against him, he is not disqualified. Eisenlord v. Clum, 126 N. Y. 552–556, 27 N. E. 1024."

It may be that Benjamin Baxter, claiming title to another farm through a deed from John Baxter, deceased, executed on the same day as the deed to his brother, Mathias, had an interest in the question involved, but he had no interest in the event of the action, unless one adverse to that of his co-defendant. In any subsequent action brought by the plaintiffs or other heirs at law of the deceased against him (Benjamin) to set aside the deed executed by John Baxter to him, the record in this case could not be used for or against him.

The subject of such an action would not be the same as this.   No personal claim was made against Benjamin in the complaint.   He had not answered.    Although a defendant on the record, because his consent to join as a plaintiff could not be obtained, his interest was the same as that of the plaintiffs.   Under the authority above stated (and see, also, Hobart v. Hobart, 62 N. Y. 80) it must be held that Benjamin Baxter had no interest in the event of the action, unless adverse to the defendant Mathias.   Hence he was not called to testify in his own behalf or interest.   For this error of the court below we conclude that a new trial must be granted.

It is also urged that an error was committed on the trial in over-ruling the objections of the defendant to the receipt in evidence of the decree of the surrogate refusing to admit to probate the will of John Baxter, deceased, executed on the same day as the deed in question, and in receiving said decree in evidence on the question of the mental capacity of the testator.   This case has been twice tried. On the first trial the trial judge admitted the decree of the surrogate refusing to admit the will of John Baxter, deceased, to probate, holding that it was conclusive evidence that on the day it was executed the testator was incompetent to execute a conveyance of real estate. On appeal the late general term held (76 Hun, 98, 27 N. Y. Supp. 834) that the trial court erred in holding that the decree of the surrogate was conclusive evidence against the defendant.    That was all in fact decided by the general term, although the judge who wrote in the case expressed an opinion that the decree of the surrogate might have been read as prima facie evidence of the mental incompetence of the testator on the day it was executed.    The question as to whether the view thus expressed can be sustained is not free from doubt since the decision of the court of appeals in Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628.    Having reached the conclusion that there should be a new trial on the ground of the exclusion of the statements of the deceased to Benjamin Baxter, above referred to, we do not deem it necessary to pass upon this question.

For the reasons first above stated, the judgment should be reversed, and a new trial granted; costs to abide the event.   All concur.