AIMÉE R. LECOUR, as Administratrix, etc., of EUGENE H. LECOUR, Deceased, Respondent, v. THE IMPORTERS AND TRADERS' NATIONAL BANK of New York and ABRAM KLING, Appellants.

*Accounts filed by an executor — effect of, as against his administratrix in an action by her against third parties — effect of admissions, made by one while acting as an attorney, against him personally — testimony by an interested party as to personal transactions with a decedent.*

In an action by an administratrix to recover the amount of a check drawn payable to the order of her decedent as executor, which was alleged to have been indorsed in the decedent's name by one Huerstel without authority, and to have been delivered by Huerstel to the defendant Kling, who gave his own check for the amount and deposited the check thus delivered to him with the defendant bank, which collected it, accounts filed by the plaintiff's decedent in the court from which his letters testamentary had been issued, and in proceedings to which the defendants were not parties, tending to show that the decedent had on hand the funds represented by the check, while competent evidence, in the nature of admissions, upon the administratrix's claim that the decedent had not received the amount of the check, are not conclusive against her upon that point.

Admissions of the liability of Huerstel made to the decedent's attorney by Kling while acting solely as Huerstel's attorney or representative in criminal pro-

ceedings instituted against the latter by the decedent, and consisting in Kling's failure to deny such liability, and in proposing a method for its discharge, are not evidence against Kling personally, where it appears that at the time such admissions were made no claim had been suggested against Kling, and that such admissions were based upon information received by Kling from his client Huerstel.

*Quære*, whether evidence given by Huerstel, to the effect that he had authority from the decedent to indorse the check, was competent.

APPEAL by the defendants, The Importers and Traders' National Bank of New York and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of September, 1898, upon the report of a referee.

This appeal was transferred from the first department to the second department.

*Abram Kling*, for the appellants.

*Marshall B. Clarke*, for the respondent.

CULLEN, J.:

This action was brought for the conversion of a check for $7,891.72, drawn to the order of plaintiff's intestate, Eugene H. Lecour, as executor of Joseph Houpert, by the chamberlain of the city of New York. It was the amount awarded to the payee as holder of a second mortgage in proceedings for the distribution of surplus moneys. In that proceeding one Edmond Huerstel was the attorney for the payee of the check. Huerstel indorsed the check in the name of the payee, delivered it to the defendant Kling, who gave his own check for the same amount to Huerstel's order. Kling deposited the chamberlain's check with the defendant, the Importers and Traders' National Bank, which collected it through the clearing house from the Manhattan Bank on which it was drawn. The defendants claimed that Huerstel had authority from Lecour to indorse the check, and that the money was paid over to Lecour. These allegations the plaintiff denied. The learned referee found with the plaintiff that the check was indorsed without authority, and that its amount had never been paid over to the payee.

In our view the evidence was sufficient to support the referee's decision, but this it is unnecessary to discuss, as we think a fatal error was committed in the reception of evidence. Huerstel, for

some reason, was called as a witness by the plaintiff.   At the instance of the defendants, Huerstel testified that he had authority from his client to indorse the check.  It is very doubtful whether Huerstel was a competent witness as to this fact, Lecour having died before the time of the trial.   However, no objection by the plaintiff to this testimony appears in the record.  Still Huerstel was an interested witness, with every motive to testify so as to acquit himself of the charge of forgery, and the referee was not bound to believe his evidence.   The defendants also put in evidence accounts filed by Lecour in the courts of New Jersey, in which State his letters testamentary had been issued, tending to show, as claimed, that he had on hand the funds represented by the check.   These accounts were not conclusive on the plaintiff, for the defendants were not parties to the proceedings in which they were rendered.   Still they were competent evidence in the nature of admissions, good for whatever the referee might find they were actually worth.

In this state of the defendants' proof the plaintiff was allowed to prove conversations between the attorney for Lecour in his lifetime and the defendant Kling, the effect of which, as claimed, was substantially an admission by Kling of Huerstel's liability.   It appears that Lecour had instituted criminal proceedings of some kind against Huerstel.   The defendant Kling was an attorney at law.   Whether he actually appeared in court on these proceedings as the counsel of Huerstel, the record does not show.   But it is plain that he had negotiations on Huerstel's behalf with the lawyers for Lecour.   In these conversations Lecour's attorneys repeatedly asserted Huerstel's liability for the moneys paid in the surplus proceedings.   Kling did not deny this charge, but sought adjournments and delay, and made propositions for an extension of time to enable Huerstel to pay the claim.   It is unnecessary to state these conversations in detail.   Substantially, Kling admitted the existence of the claim against Huerstel, not indeed by any affirmative statement to that effect, but by failing to deny it and proposing a method for its payment or discharge.   The question is whether an admission of this character is competent evidence against Kling in a suit against him personally.   It must be remembered that at this time no claim whatever was either made or suggested against Kling.   In the negotiation, Kling seems to have acted solely as the

attorney or representative of Huerstel. There was no question on the trial as to the disposition of the check in suit. The only questions were (1) the authority of Huerstel to indorse the check, and (2) whether he had accounted to his client, the payee, for its proceeds. As to neither of these facts did Kling have any personal knowledge. Therefore, whatever admissions he made in the negotiation, must be assumed to have been based on the information received by him from his client Huerstel. Mr. Greenleaf says (1 Greenl. Ev. § 202) that it is questionable whether admissions containing matter stated as mere hearsay are admissible in evidence, but the law on this subject seems settled in this State. In *Stephens* v. *Vroman* (16 N. Y. 381) it was held that a statement made by the plaintiff of facts that third parties had told him concerning the matter in controversy could not be given in evidence against him as an admission. In *Mayor* v. *Fay* (53 Hun, 553) it was held that statements contained in a verified pleading in another action, when made on information and belief, were not competent evidence as admissions, though it was conceded that had the allegations been made on positive knowledge the rule would have been otherwise. (*Cook* v. *Barr*, 44 N. Y. 156.) In *Shaddock* v. *Town of Clifton* (22 Wis. 114) it was held that where a matter was stated as a fact, even though the party stating it had not personal knowledge of the subject, it was competent evidence as an admission, though it is conceded the rule would be otherwise if the statement had been made as a matter of hearsay. To the same effect is *Chapman* v. *Chicago & Northwestern R. Co.* (26 Wis. 295). We are of opinion that even within the rule as declared in Wisconsin (which we think correct; *Reed* v. *McCord*, 18 App. Div. 381, 386), the evidence given in this case was incompetent. Kling did not affirmatively state that his client had converted the check or failed to account to the payee for its proceeds. The admission was a matter of inference from his failure to deny the claim made by the other side, and his proposal for its payment or settlement. In such a negotiation a declaration by Kling that all he knew of the client's liability was information received from the client, and that he was without personal knowledge on the subject, would seem unnatural and unnecessary. We think it would be both unfair and dangerous to hold admissions of this character, made by a lawyer in the affairs of

his client, as to matters of which he has no personal knowledge, admissible against him. Would what the counsel said in summing the cause up to the jury be competent evidence against him? We apprehend that no one would seriously maintain such a proposition, and we think the same principle applies to the present case. It may be that the referee would have come to the same conclusion even without this objectionable evidence. But the action being at law, we must assume that the appellants have been prejudiced by the incompetent evidence.

The judgment should be reversed and a new trial granted before a new referee, to be appointed at Special Term, costs to abide the event of the action.

All concurred.

Judgment reversed and new trial granted before a new referee to be appointed at Special Term, costs to abide the event.