## GRIFFIN v. TRAIN.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. TRUST—OBLIGATION DUE TRUST ESTATE—EVIDENCE—TRUSTEE'S MEMORANDUM.
    Where a trustee has drawn a check on the trust fund in favor of his wife, his memorandum, showing her indebtedness to the estate in the amount of the check, being in his own interest, is inadmissible in an action against her, though after his death.

2. SAME—PAYMENT BY TRUSTEE—PRESUMPTION.
    A check on a trust fund given by the trustee to his wife is presumed to be in payment of an obligation due her from the trust estate.

3. EVIDENCE—INTEREST DERIVED FROM DECEASED PERSON.
    Under Code Civ. Proc. § 829, providing that a party to an action shall not be examined as a witness in his own behalf against a person deriving his interest from a deceased person except where such person is examined in his own behalf, a party's testimony is inadmissible where the testimony of the person deriving his interest from a deceased person has been improperly admitted.

Appeal from Trial Term, New York County.

Action by E. Morgan Griffin, trustee, against Mary B. Train. From a judgment dismissing the complaint on the merits (81 N. Y. Supp. 977), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis F. Doyle, for appellant.
Charles K. Carpenter, for respondent.

HATCH, J. This action was brought to recover the sum of $2,500, which the complaint avers was loaned to the defendant by plaintiff's predecessor as trustee. A jury trial was waived, and the case was submitted to the court upon certain agreed statements of facts and offers of evidence by the respective parties, which offers were objected to by the opposing party. The facts agreed upon are as follows: On June 15, 1898, Frederick C. Train was the duly constituted and acting trustee under a deed of trust from Virginia W. Blanchard, and as such trustee was seised and possessed of a large amount of property belonging to the trust estate. That the defendant was the wife of Train. That on July 15, 1898, Train, as such trustee, drew his check upon the Mercantile National Bank of the City of New York to the order of the defendant, Mary B. Train, for $2,500, against the funds of the trust estate deposited in said bank. That the defendant thereupon indorsed the check in blank. That the same was afterwards indorsed by said Frederick C. Train in his individual name, and was collected by him from the bank upon

which it was drawn through a banking house where Train kept his personal account, and the proceeds were credited to such last-mentioned account. That Train died on March 8, 1902, at that time being trustee of said trust. Thereafter, and on March 25, 1902, the plaintiff, E. Morgan Griffin, was duly appointed trustee of said trust estate, including whatever claim said trust estate had against this defendant for the said $2,500. That Train, while trustee, kept no regular books of account as trustee, other than a checkbook, but that he was accustomed to keep among his papers memoranda containing a more or less full statement in respect to the property of the trust estate. That no part of said $2,500 has ever been repaid to the trust estate.

The following evidence was offered by the plaintiff and received in evidence under objection by the defendant: That immediately after the death of said Frederick C. Train there was found among the papers of the trust estate in his desk a memorandum in his own handwriting, which had the surnames of different people thereon, and opposite the name an amount of money, and underneath a date. That in some instances in that statement there were merely initials and no name at all. That one item in said statement was as follows:

"M. B. T.—
"June 15, 1898.                                      $2,500."

It was admitted by the plaintiff that said statement was made without the knowledge, and not in the presence, of the defendant. The admission of the above memorandum was objected to by the defendant upon the grounds that it was incompetent, immaterial, and irrelevant, as hearsay, and as a memorandum made by the deceased trustee in his own favor, without the knowledge, and not in the presence, of the defendant, and, as appears from the face thereof, not made in the regular course of business, or at the time of the alleged transaction. This objection was overruled, and the evidence received under exception. Another similar memorandum was found in the desk of said deceased among the papers belonging to the trust estate, upon which the same item appeared opposite the same date and under the initials "M. B. T." The same admissions were made by the plaintiff as to this entry. It was admitted in evidence under the same objection, and an exception was taken to such admission by the defendant. The plaintiff also offered to show that all the other items upon the said memoranda had been proven to be debts owing to said trust estate, and that all the other initials upon the said memoranda meant certain persons, who admitted that they owed the estate the amount set down in the memorandum opposite their respective initials. This was objected to by the defendant upon the grounds that it was incompetent, immaterial, and irrelevant, being offered in explanation of a memorandum not binding upon the defendant, and not a part of the res gestæ. The objection was overruled, and such evidence admitted, and exception taken thereto by the defendant. Then the defendant offered to show by herself as a witness an explanation of the whole transaction, that she never had any of the money represented by the said check, and that she never at any time

exercised dominion or ownership over the said check, and that she had no knowledge of the disposition of the said check or its proceeds, and that the defendant never received or borrowed any money from the said trust estate, unless the indorsement of the said check constituted and imported 'in law a loan. This was objected to by the plaintiff as being inadmissible under section 829 of the Code of Civil Procedure, which objection was overruled, and the testimony received, to which the plaintiff excepted. The court below found that the transaction as above set forth did not constitute a loan from Frederick C. Train, as trustee of said trust estate, to the defendant, and that the defendant was not indebted to the said trust estate upon the said transaction in any sum whatsoever. From the judgment entered upon such decision, the plaintiff appeals.

We are of opinion that the conclusion reached by the learned court below is clearly correct, although we are unable to concur in the reasoning adopted to reach such a result. The entries in the memoranda kept by the deceased trustee do not constitute the same declarations against his interest, so as to admit of their being received in evidence to establish the existence of a debt in favor of the trust estate against a third party. The existence of an indebtedness against a third party to the trust estate relieved the trustee from liability to that extent to the estate which he represented, as it accounted to the extent of the indebtedness for the funds of the trust estate which had come to his hands. Instead, therefore, of its constituting a declaration against interest, it is a declaration in his own favor and in his interest, and as such was not admissible for the purpose of establishing the existence of an indebtedness in favor of the trust estate against the defendant. The general rule is that entries and memoranda made by deceased persons in the ordinary course of professional and official employment are competent as secondary evidence of the facts contained in them, where no interest exists to misrepresent or misstate the fact. Such entries are admissible on the ground of necessity. Livingston v. Arnoux, 56 N. Y. 507. The deceased was not a public officer, nor were the entries made in the course of official business, which have been held to furnish a sufficient basis for the admission of entries as evidence to establish the performance of official acts. Between the deceased trustee and the defendant, if an obligation was created, it was that of debtor and creditor, and stands upon no higher footing that such a relation between individuals establishes. The declaration of indebtedness, therefore, made by the trustee, not only relieves him and his estate to that extent from a devastavit of the trust estate to the amount of the indebtedness, but it is a declaration in his own favor of the existence of the debt. It is too well settled to need authority that a declaration in one's own favor is not admissible in evidence, nor are such declarations of deceased persons admissible unless against interest. Putnam v. Lincoln Safe Deposit Co., 87 App. Div. 13, 83 N. Y. Supp. 1091. The following cases: Chenango Bridge Co. v. Paige, 83 N. Y. 178, 38 Am. Rep. 407; Bump v. Pratt, 84 Hun, 201, 32 N. Y. Supp. 538; Matter of Woodward, 69 App. Div. 286, 74 N. Y. Supp. 755; Lyon v. Ricker, 141 N. Y. 225, 36 N. E. 189—recognize this rule, and make application of it. In those cases the declarations which were re-

ceived in evidence were all declarations against interest, and were therefore properly held admissible. Here it is a declaration in favor of interest, and this difference calls for the application of the reverse rule. The transaction, as it appeared, was of the delivery of a check by the trustee to the defendant and the presumption under such circumstances arose that it was given in payment of a debt due to her. Nay v. Curley, 113 N. Y. 575, 21 N. E. 698. The force and effect which the court must attribute to this written memorandum, therefore, is not only to establish a debt to the relief of the trustee and his estate, but it must also have the added force of overcoming the presumption that the transaction was in payment of an existing indebtedness. The presumption that a check is given in payment for an existing obligation may, under a given state of circumstances, be slight; but, standing by itself, such is the presumption created by the act, and, if the declaration be held admissible, it relieves the trustee from the presumption that he paid a debt, and at the same time establishes the fact that out of the transaction an obligation in favor of the estate was created. A very strong case, therefore, of a declaration in favor of interest is made to appear, and no case of which we are aware has yet gone so far as to admit such declarations in evidence. Undoubtedly, this memorandum of the deceased trustee is admissible against the personal representative of the deceased, and may form the basis upon which to found an obligation against his estate in favor of the present trustee (Putnam v. Lincoln Safe Deposit Co., supra), but with that question we are not now concerned. This conclusion leads to the inevitable result that the testimony of the defendant was not admissible in evidence. Such was the view of the learned judge below, and we entirely agree with him that, if the declarations of the trustee were admissible in evidence, then it opened the door for the introduction of evidence by the defendant, who was authorized to meet the declaration and explain the transaction. Marsh v. Brown, 18 Hun, 319; Nay v. Curley, supra. The declaration of the trustee not being admissible, no basis existed upon which to found a liability against the defendant.

It follows, therefore, that the judgment should be affirmed, with costs. All concur; LAUGHLIN, J., in result.