Judgment and order affirmed, with costs. All concur, except JOHN M. KELLOGG, J., who dissents.

---

### In re ROSSELL.

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. EXECUTORS—RIGHT TO LEGACY.
Where a daughter with her father were coexecutor and executrix of her mother's will, she as executrix had the same right as her father to receive, control, and disburse the funds of the estate, including a legacy bequeathed to her by her mother.

2. EVIDENCE—TESTAMENTARY DECLARATIONS.
Testatrix, who with her father were coexecutor and executrix of her mother's will, executed a will in which she bequeathed to her three chil-

dren $2,000 which was to come to her from her mother on her father's death, to be duly divided, etc. ' *Held*, that such legacy did not constitute per se a testamentary declaration available to testatrix's legatees as proof that a legacy bequeathed to her by her mother had been received and retained by her father.

3. WITNESSES—COMPETENCY—COMMUNICATION WITH PERSONS SINCE DECEASED. Testatrix bequeathed $2,000 to come to her from her mother's estate on her father's death to her three children, interest to be expended annually for clothing and necessaries; testatrix's husband and another being designated as executors and trustees. *Held* that, since the husband was under a legal liability to furnish clothing and necessaries for such children, he had a pecuniary interest in sustaining a claim against the estate of the wife's father for the amount of such legacy, and was therefore incompetent under Code Civ. Proc. § 829, to testify that, when the wife's will was drawn, it was read to and acquiesced in by her father, since deceased.

On reargument. Decree modified and affirmed.

For former opinion, see 121 App. Div. 381, 105 N. Y. Supp. 1098.

D. S. Hill, for appellants.

Smith & Tomlinson (Henry Willis Smith, of counsel), for respondents Isaac S. Rossell and James Young, as executors, etc.

John D. Lyons, special guardian for infants.

COCHRANE, J. The opinion on the former argument of this appeal is reported in 121 App. Div. 381, 105 N. Y. Supp. 1098. It was then held that the decree erroneously determined that a legacy of $2,000 bequeathed to Mrs. Rossell by her mother Elizabeth Gamble remained in the hands of John Gamble, the father and coexecutor of Mrs. Rossell under her mother's will, until the death of said John Gamble, which occurred five months after the death of Mrs. Rossell, and seven years after the death of their testatrix, Elizabeth Gamble. On the application of the executors of Mrs. Rossell, a referee has since been appointed under section 2586 of the Code of Civil Procedure to take further evidence as to the payment to her of said legacy and to report the same to this court, and, such report having been made, the matter is again before us for reargument.

In addition to the facts stated in the former opinion, it now definitely appears that the $1,000 therein stated to have been deposited January 25, 1898, by Mrs. Rossell in the Dry Dock Savings Institution was received by her from her coexecutor John Gamble, but it is now claimed to have been a gift by him to her, and that it was no part of the estate of her mother. The fact is perhaps not very material, except as it makes it clear that Mrs. Rossell was in receipt of funds from her father and coexecutor. It was not necessary, however, that Mrs. Rossell should receive her legacy through her father. As executrix she had the same right as he to the receipt, control, and disposition of the fund. And, as to the legacy in question, he had no permanent right thereto, but it was her absolute property. The evidence taken since the former argument of the appeal cannot avail to change the result. It now appears that Mrs. Rossell made a last will and testament just as she was about to enter Roosevelt Hospital for a surgical operation which resulted in her death two days later. The third clause of her will is as follows:

"I give and bequeath .to my three children. Spencer George, Elizabeth God-
frey and Herbert Jackson, the sum of two thousand dollars (which is to come-
to me from my mother on father's death) to be divided equally between them
as each arrives at the age of twenty-one years. The interest upon said sum
during said period is to be expended annually for clothing and necessaries for
each while each is under twenty-one years of age until the principal share
is due to each."

Her husband, Isaac S. Rossell, and James Young were designated
as executors and trustees to carry out the provisions of the will. It
is claimed that said bequest in the will of Mrs. Rossell refers to her
legacy from her mother, and indicates that she had not received it,
but that it was in the hands of her father. The language of the will
does not correctly describe such legacy; and, as it appears that Mrs.
Rossell at the time she made this will was entitled to a portion of her
mother's undivided residuary estate still in the hands of her father, it
may be argued with some force that Mrs. Rossell had in mind her por-
tion of said residuary estate estimated by her at "the sum of two thou-
sand dollars." However this may be, it is very certain that her testa-
mentary declaration would constitute per se no evidence in her favor
had she lived, and it is not evidence in favor of these respondents.
Griffin v. Train, 90 App. Div. 16, 21, 85 N. Y. Supp. 686. But her
husband testifies that this will was read to and by John Gamble, who
expressed his satisfaction therewith. Such testimony is important, if
we are at liberty to give it consideration. But it is before us subject
to the objection that it is within the prohibition of section 829 of the
Code of Civil Procedure. We see no escape from the force of this
objection. The will of Mrs. Rossell provides that the interest on the
bequest is to be expended annually for "clothing and necessaries" for
her children during their minority. The legal liability for such cloth-
ing and necessaries rests upon this witness as the father of said chil-
dren. This bequest relieves him from such liability wholly or partly,
and is as beneficial to him as if the use of the legacy were bequeathed
directly to him during the minority of his children. It is the fact of
pecuniary interest, and not the extent thereof, which renders a wit-
ness incompetent under said section 829. We must, therefore, disre-
gard this testimony, and there is no other evidence which can affect
our former disposition of the case.

The decree should be modified in accordance with the former opin-
ion, and, as so modified, affirmed, with costs to both parties payable
out of the estate of Elizabeth Gamble, deceased.    All concur.